**AKIN GUMP STRAUSS HAUER & FELD LLP**
EDWARD A. WOODS (SBN 54841)
ewoods@akingump.com
SUSAN K. LEADER (SBN 216743)
sleader@akingump.com
OLEG STOLYAR (SBN 229265)
astolyar@akingump.com
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
Phone / Fax:  310-229-1000 / 310-229-1001

Attorneys for Plaintiffs Conrad Lee Klein, Jack Reynolds, and Chris Pair, Co-Executors of the Estate of Mark Hughes and Co-Trustees of the Mark Hughes Family Trust

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONRAD LEE KLEIN, et al.,<br><br>             Plaintiffs,<br><br>     vs.<br><br>ANTHONY PELLICANO, et al.,<br><br>             Defendants. | Case No. 2:07-CV-00799-DSF-AJWx<br><br>**JOINT STATUS REPORT IN CASE NO. 07-7999 OF PLAINTIFFS AND OF DEFENDANTS PACIFIC BELL AND SUZAN HUGHES**<br><br>Date:  February 27, 2012<br>Time:  1:30 p.m.<br>Ctrm:  840 |

1  Plaintiffs Conrad Lee Klein, Jack Reynolds, and Christopher Pair, co-trustees of
2  the Mark Hughes Family Trust and co-executors of the Estate of Mark Hughes
3  ("Plaintiffs"), together with defendants Suzan Hughes and Pacific Bell Telephone
4  Company ("PacBell"), submit the following report reflecting the status of the above-
5  captioned action, *Klein, et al. v. Hughes, et al.*, case no. 2:07-CV-00799-DSF-AJWx.
6  Depositions have been taken of the following witnesses: Jack Reynolds and
7  Christopher Pair. In the *Cohen v. Pellicano* action, case no. CV 05-1485 DSF (AJWx),
8  Ms. Cohen has taken the Rule 30(b)(6) deposition of PacBell. In the state court cases
9  (In Re: Pellicano Cases, Superior Court of California, County of Los Angeles Lead Case
10 no. BC316318), the plaintiffs took the depositions of PacBell employees Stephen
11 Bantley and Ralph Johnson in October 2011. Plaintiffs in this action have not yet
12 questioned PacBell's 30(b)(6) witness.
13 Plaintiffs have amended their Rule 26(a) initial disclosures.
14 On August 29, 2011, Plaintiffs served supplemental responses to PacBell's first
15 set of interrogatories.
16 PacBell sought to produce Mark Hughes' telephone records as part of PacBell's
17 Rule 26 disclosures. Suzan Hughes objected. The parties contemplated bringing a
18 motion before the magistrate judge to resolve the dispute. Suzan Hughes has now
19 withdrawn her objection. Plaintiffs propounded requests for production of documents
20 upon PacBell seeking production of the telephone records. PacBell served responses to
21 the requests for production.
22 On February 9, 2012, Plaintiffs propounded their first set of Interrogatories and
23 second set of Requests for Production of Documents upon PacBell.
24 On November 8, 2011, PacBell propounded its first set of Requests for
25 Production of Documents upon plaintiff Conrad Lee Klein. Plaintiffs and PacBell have
26 agreed that Plaintiffs may have until one week after they receive all of PacBell's
27
28

1
JOINT STATUS REPORT IN CASE NO. 07-7999 OF PLAINTIFFS AND OF DEFENDANTS PACIFIC BELL AND SUZAN HUGHES

answers to Plaintiffs' currently outstanding discovery to respond to PacBell's pending discovery.

Plaintiffs still have not received any documents in response to their Touhy requests which they served (attached to the subpoena) on Assistant United States Attorney Kevin Lally. Mr. Lally has assured Plaintiffs' counsel that responsive documents are being reviewed and will be produced. Plaintiffs' counsel spoke to Mr. Lally most recently on November 28, 2011, and Mr. Lally repeated those assurances.

In the related In Re: Pellicano Cases, after extensive briefing by all parties, the Court, the Honorable Carl West presiding, issued a ruling on the following Threshold Legal Issues:

1. Whether the $5,000 amount specified in Penal Code Section 637.2(a)(1) is a compensatory damage or civil penalty.

2. Can a plaintiff recover the $5,000 amount specified in Penal Code Section 637.2(a)(1) from a public telephone company or other defendant for its employees' violations of Penal Code sections 631 and/or 632 under the doctrine of respondeat superior, or must a plaintiff also prove that the telephone company or defendant "ratified" its employees' violations?

The Court held as follows:

1. The $5,000 amount specified in Penal Code Section 637.2(a)(1) is a civil penalty.

2. A plaintiff cannot recover the $5,000 amount specified in Penal Code Section 637.2(a)(1) from a public telephone company or other defendant for its employees' violations of Penal Code sections 631 and/or 632 under the doctrine of respondeat superior; a plaintiff must also prove that the telephone company or defendant "ratified" its employees' violations, or otherwise satisfies the "direct liability" standard identified in Cruz v. Homebase (2000) 83 Cal.App.4th 160 for officers, directors, or managing agents.

JOINT STATUS REPORT IN CASE NO. 07-7999 OF PLAINTIFFS AND OF DEFENDANTS PACIFIC BELL AND SUZAN HUGHES

A copy of the ruling is attached hereto as Exhibit A.

Plaintiffs and PacBell are engaged in settlement discussions, and anticipate reaching a settlement within the next 30 to 60 days.

Dated: February 20, 2012

AKIN GUMP STRAUSS HAUER & FELD LLP
Edward A. Woods
Susan K. Leader
Oleg Stolyar

By _____ /s/ Edward A. Woods
     Edward A. Woods

Attorneys for Plaintiffs Conrad Lee Klein, Jack Reynolds, and Christopher Pair, Co-Executors of the Estate of Mark Hughes and Co-Trustees of the Mark Hughes Family Trust

Dated: February 21, 2012

LAW OFFICES OF MARVIN RUDNICK

By _____ /s/ Marvin Rudnick
     Marvin L. Rudnick

Attorneys for Defendant Suzan Hughes

Dated: February 21, 2012

EGAN AVENATTI, LLP

By _____ /s/ Jason Frank
     Jason M. Frank

Attorneys for Defendant Pacific Bell Telephone Company